No. 16-1652

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

IN RE: SUBWAY FOOTLONG SANDWICH MARKETING

AND SALES PRACTICES LITIGATION

APPEAL OF: THEODORE H. FRANK,

Objector-Appellant.

On Appeal from the United States District Court

for the Eastern District of Wisconsin, No. 2:13-md-2439,

Judge Lynn Adelman

Response of Theodore H. Frank

to Motion to Seal Documents in the Appellate Record

COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
1899 L Street, NW, 12th floor
Washington, D.C. 20036
(202) 331-2263
*In pro per*

Frank's appeal of a class-action settlement approval rests upon whether an injunction in the settlement provides any marginal benefit to class members beyond Subway's pre-settlement actions to ensure that its foot-long sandwiches measured twelve inches in length, or whether the settlement simply created the illusion of relief to rationalize a selfish settlement where the class counsel and class representatives were the only beneficiaries. *E.g.*, *In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748 (7th Cir. 2011) (class representative not adequate where he seeks to continue class litigation that cannot possibly provide additional relief to class); *cf. Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012) (shareholder derivative action should be dismissed when only beneficiary is class counsel); *cf. also Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) (co-lead class counsel in this case criticized for abusive settlement in appeal argued by Frank).

In defense of its settlement, class counsel responded to Frank's objection by presenting a putative expert report by John A. Gordon valuing the injunction at over $5 million/year. Dkt. No. 56-2, "corrected" as Dkt. No. 56-4. Frank objected to the Gordon declaration on multiple grounds, but most prominently on the fact that Gordon's methodology was essentially assuming the disputed conclusion, and thus his testimony did not qualify as admissible under Fed. R. Evid. 702. Dkt. No. 60-1 at 3-7. Moreover, the Gordon declaration was bogus on its face because it made basic arithmetic errors that overstated the supposed benefit by an order of magnitude. *Id.* at 7-8.

Ultimately, the district court explicitly refused to rely on the Gordon declaration in approving the settlement. Dkt. No. 65 at 12. But the district court denied Frank's motion to exclude the Gordon testimony. *Id.* at 28.

Frank would be perfectly happy if appellees agreed that no one reference the Gordon declaration. It would be frivolous for anyone to claim that it is admissible evidence in support of the settlement. Unfortunately, class counsel have indicated that they continue to insist that the Gordon declaration is relevant and that they plan to rely on it, presumably as support for alternative grounds for affirmance.

Subway is correct that a dispute over Gordon's methodology can rest on the redacted version of the report, but that is not the only dispute relating to the Gordon report. Plaintiffs egregiously baselessly continue to insist that Gordon did not make any arithmetic errors in multiplying [redacted number A] with [redacted percentage B], though thirty seconds on a spreadsheet would reveal otherwise. Dkt. No. 61 at 4 ("Fourth, Frank argues that Gordon's math is wrong. Again, Frank is mistaken. Gordon lays out his math simply and clearly and it cannot reasonably be contested.").[1] So long

---

[1] This part of a pattern and practice by class counsel in this case of unapologetically inventing facts and misstating precedent. In the district court below, class counsel has already had to make multiple withdrawals of false factual statements and the citation of a vacated decision red-flagged on LEXIS, in response to multiple Rule 11 violations, all while asserting that it is perfectly appropriate to quote a vacated decision at length without indicating that the district court in question corrected the opinion to withdraw the quoted language. Dkt. No. 57; Dkt. No. 64. If plaintiffs continue to insist the Gordon declaration is relevant and reliable despite being on notice of its fundamental flaws, Frank reserves his right to move for sanctions under 28 U.S.C. § 1927 and Rule 46(c).

as plaintiffs continue to make a frivolous argument equivalent to asserting that 1% of 400 is equal to 40, and that an expert who makes such a basic math mistake (even after a "corrected" declaration fiddling with the numbers) is to be trusted, the redacted numbers are relevant. Without the redacted numbers, this court would not be able to resolve the dispute over whether A×B is equal to A×B or 10×A×B; otherwise, plaintiffs would continue to insist *ipse dixit* that Gordon's bogus math "cannot reasonably be contested" and this Court would have no way to assess the dispute if the sealed multiplicand and the multiplier are not in the appellate record, as the defendant proposes.

One hopes appellees agree to subtract this issue from the proceedings, as they cannot rely upon the Gordon declaration in good faith. If class counsel were to spend thirty seconds multiplying the redacted A and B on a spreadsheet, they would see that Gordon got everything wrong, and then made it worse in his "corrected" declaration. But if class counsel insists on maintaining the frivolous position that Gordon's declaration supports settlement approval, the redacted information is relevant both to the Gordon declaration's admissibility and reliability and also to whether class counsel should be sanctioned for vexatiously multiplying proceedings—as has already happened because of this collateral motion over the declaration.

So at a minimum, in the absence of an affirmative commitment by the appellees that they will not cite to or rely upon the Gordon declaration in this proceeding, the unredacted version of the Gordon declaration must remain in the appellate record. Frank takes no position on whether that information should remain sealed, though notes that *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *Bond v. Utreras*, 585 F.3d 1061,

1073 (7th Cir. 2009); and *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000),

suggest it should not to the extent the settling parties are relying upon it.

### Conclusion

For the above-stated reasons, Frank opposes the motion to the extent it seeks to

"remove these documents from the record" unless appellees agree to not cite to the

Gordon declaration on appeal. In the absence of such an agreement by the appellees,

Frank's opening brief will be required to rely upon the sealed information to

demonstrate the inadmissibility and unreliability of the Gordon declaration, and it

would be unfair to force him to rely solely on the redacted version of the declaration.

Dated:  April 15, 2016                    Respectfully submitted,


                                          */s/ Theodore H. Frank*
                                          Theodore H. Frank
                                          COMPETITIVE ENTEPRISE INSTITUTE
                                           CENTER FOR CLASS ACTION FAIRNESS
                                          1899 L Street, NW, 12th floor
                                          Washington, DC 20036
                                          Telephone:  (202) 331-2263
                                          Email:  ted.frank@cei.org
                                          *In pro per*

**Proof of Service**

I hereby certify that on April 15, 2016, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, thereby effecting service on counsel of record who are registered for electronic filing under Cir. R. 25(a).

_/s/ Theodore H. Frank_